**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X     **Case No. 24-2391**

Minor #1 through John Doe #1, Minor #2 through John Doe
#2, and Minor #3 through Jane Doe,

                          Plaintiffs,                               **COMPLAINT**

              - against -                                           **PLAINTIFF DEMANDS**
                                                                   **A TRIAL BY JURY**
SAND CASTLE CATERERS, INC., ENRIQUE
SANCHEZ, *Individually,* and NICHOLAOS
BOULTADAKIS, *Individually.*
                          Defendants.

-------------------------------------------------------------------X

   Minor #1 through John Doe #1, Minor #2 through John Doe #2, and Minor #3 through Jane

Doe ("Plaintiffs"), by and through their attorneys, PHILLIPS & ASSOCIATES, PLLC, against

SAND CASTLE CATERERS, INC., ENRIQUE SANCHEZ, *individually,* and NICHOLAOS

BOULTADAKIS, *Individually,* (collectively "Defendants"), allege upon knowledge as to

themselves and their own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. Plaintiffs complain pursuant to the discrimination and retaliation provisions of (i) **Title VII of**

  **the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"); (ii) the

  **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.*

  ("NYSHRL"); (iii) Civil claims of Assault; (iv) Civil claims of Battery; (v) Civil claims of

  Aiding and Abetting, and any other claim(s) that can be inferred from the facts set forth herein

  and seeks damages to redress the injuries Plaintiffs suffered as a result of being discriminated

  and retaliated against by Defendants on the **basis of Plaintiffs' sex (male) by way of sexual**

  **harassment.**

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is proper under 42 U.S.C. §12101, et seq., and 28 U.S.C. §§ 1331 and 1343.

3.      The Court has supplemental jurisdiction over Plaintiff's state and county claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district in that the events or omissions giving rise to the claims occurred within the Eastern District of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

5.      Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC in March 2024, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7.      This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8.      At all times material, Plaintiff Minor #1 through John Doe #1, ("Plaintiff Minor #1") was a fifteen-year-old male and a resident of Nassau County, NY.

9.      At all times material, Plaintiff Minor #2 through John Doe #2 ("Plaintiff Minor #2") was a fifteen-year-old male and a resident of Nassau County, NY.

10.     At all times material, Plaintiff Minor #3 through Jane Doe ("Plaintiff Minor #3") was a fifteen-year-old male and a resident of Nassau County, NY.

11.     At all times material, Plaintiffs were and are "persons" and "employees" of Defendants and entitled to protection as defined by TITLE VII and NYSHRL.

12.     At all times material, SAND CASTLE CATERERS INC., ("Defendant Sand") was and is a

domestic New York State wedding venue headquartered at 505 Franklin Avenue, Franklin Square, NY, 11010.

13. At all times material, NICHOLAOS BOULTADAKIS, ("Defendant Boultadakis") was and is the owner and President of SAND CASTLE CATERERS INC.

14. At all times material, ENRIQUE "RICKY" SANCHEZ ("Defendant Sanchez") worked for Defendant Sand and Defendant Boultadakis as a Manager and Maître D'.

15. At all times material, Plaintiffs were employed by Defendant Sand and Defendant Boultadakis.

16. At all times material, Defendant Sand and Defendant Boultadakis employed over 25 employees.

17. At all times material, Defendant Sand and Defendant Boultadakis was and is an "employer" under TITLE VII and NYSHRL.

## **MATERIAL FACTS**

### **MATERIAL FACTS OF PLAINTIFF MINOR #1**

18. On or about April 22, 2022, Plaintiff Minor #1 (at the time a fifteen-year-old male) began working for Defendant Sand as a Waiter, earning $15.00 per hour.

19. At all times material, Plaintiff Minor #1 typically worked approximately 25-40 hours a week.

20. At all times material, Plaintiff worked under the supervision of Owner Defendant Boultadakis, Manager and Maître D', Enrique "Ricky" Sanchez ("Defendant Sanchez"), Manager Martin (last name unknown) ("Mr. Martin") and Manager and Maître D', Lucas (last name unknown) ("Mr. Lucas").

21. As a Waiter, Plaintiff Minor #1 duties and responsibilities included but were not limited to cleaning as needed, serving food, serving drinks, taking dinner orders, taking drink orders, setting up for upcoming events, and assisting with tasks as requested.

22. At all times material, Plaintiff Minor #1 was an exemplary employee and dedicated to his position.

23. As such, Plaintiff Minor #1 received a merit-based salary increase. Therefore, by January 2023, Plaintiff Minor #1 began earning $17.00 per hour.

24. However, when Plaintiff Minor#1 first started his employment with Defendant Sand, Defendant Sanchez warned Plaintiff Minor #1 with a deviant smirk, that Plaintiff Minor#1 only had "One week of safety."

25. In speaking with colleagues, Plaintiff Minor #1 learned Defendant Sanchez was known to frequently touch and sexually harass young employees.

26. Plaintiff Minor#1 was alarmed and worried but needed the work and therefore decided to stay.

27. In or about late April 2022, merely two weeks after Plaintiff Minor #1 began working for Defendants, Defendant Sanchez began subjecting Plaintiff Minor #1 to an unconscionable campaign of severe and pervasive sexual harassment that went far beyond petty slights or trivial inconveniences.

28. For example, Defendant Sanchez would frequently catcall Plaintiff Minor#1 and would make crude and sexual statements to Plaintiff Minor #1 such as "Hey Sexy," "You wanna put this dick in your mouth," "You want to suck it?" and "You gonna let me hit it?"

29. Plaintiff Minor #1 was shocked, offended, and unnerved by Defendant Sanchez's constant and crude sexual statements, but did the best he could to ignore them.

30. Further, shortly after Plaintiff Minor#1 began his tenure with Defendant Sands, Defendant Sanchez began grabbing Plaintiff Minor#1's buttocks, making sexual moans, and claiming, "Damn, that shit fat."

31. Plaintiff Minor #1 was again humiliated and offended by such an offensive action but felt

unable to complain as he feared losing his employment or triggering Defendant Sanchez's well-known temper.

32. As the days progressed, Defendant Sanchez's sexual harassment escalated as he began making sexual propositions to Plaintiff Minor #1 such as, "You gonna let me hit?", "How big is it?", "Wanna Fuck?", "How big is your butt though?", and "When you gonna suck it?"

33. Plaintiff repeatedly did the best he could to ignore Defendant Sanchez or to "laugh off" the sexual harassment as any complaints or objections would trigger Defendant Sanchez's temper and cause Defendant Sanchez to be hostile and retaliate against Plaintiff.

34. Indeed, triggering Defendant Sanchez's temper, or upsetting Defendant Sanchez in any way would cause Defendant Sanchez to retaliate against Plaintiff Minor #1 in unpredictable manners. On some occasions, the retaliation would manifest as speaking to Plaintiff Minor #1 in a hostile and cruel manner. However, much more often, the retaliation would manifest as Defendant Sanchez assigning Plaintiff extra unnecessary work; by forcing Plaintiff to refill water jugs from a water station two sections away thereby causing more work; by forcing Plaintiff to do the work of others; and by forcing Plaintiff to carry extra plates.

35. As such, Plaintiff Minor #1 quickly decided his only option was to ignore Defendant Sanchez's sexual harassment and attempt to "laugh off" Defendant Sanchez's sexual assault to avoid further retaliation.

36. Nevertheless, Defendant Sanchez's sexual harassment continued to escalate as he began touching Plaintiff Minor #1's buttocks, grabbing Plaintiff Minor #1's genitals, and kissing Plaintiff Minor #1 on the cheek.

37. Indeed, this inappropriate sexual harassment occurred daily and only escalated as time continued.

38.     In or about May 2022, Defendant Sanchez then began targeting Plaintiff Minor by sneaking up on Plaintiff Minor, sticking his finger into Plaintiff Minor #1's anus, and then forcing Plaintiff Minor #1 to "Smell it."

39.     This outrageous sexual assault occurred on multiple occasions.

40.     On one occasion in or about May 2022, Plaintiff Minor #1 backed away from Defendant Sanchez and exclaimed, "Yo, Chill! That's too far!" But Defendant Sanchez became visibly annoyed and claimed, "I can't mess with you?" Then, throughout the rest of the day, Defendant Sanchez retaliated against Plaintiff Minor #1 by treating him with hostility and animosity, by forcing Plaintiff Minor #1 to complete unreasonable extra tasks, and by creating more work for Plaintiff Minor #1 as "Punishment."

41.     On various other occasions, after Defendant Sanchez would forcefully insert his finger into Plaintiff Minor #1's anus, Plaintiff Minor #1 would just walk away while Defendant Sanchez stood laughing at Plaintiff Minor #1.

42.     Indeed, Plaintiff Minor #1 was distraught, humiliated, and angered by Defendant Sanchez's terrible and abusive behavior. However, Plaintiff Minor #1, a fifteen-year-old male, felt unable to complain to Management as he feared Defendant Sanchez would retaliate against Plaintiff Minor #1 and have him terminated.

43.     As such, Plaintiff Minor #1 understood complaints or objections against Defendant Sanchez would cost Plaintiff Minor #1 his employment.

44.     Notably, Plaintiff Minor #1 frequently complained to his friends and coworkers about Defendant Sanchez's sexual harassment and quickly learned he was not the only target.

45.     In fact, Defendant Sanchez was widely known to Defendant Sand and various managers for his inappropriate sexual harassment. Nevertheless, Defendant Sand and Upper Management

refused to intervene, refused to escalate the harassment to Human Resources, and refused to discipline Defendant Sanchez in any manner.

46. As such, finding no recourse for assistance, and needing this employment, Plaintiff Minor #1 continued enduring this severe and pervasive sexual harassment.

47. As time passed, Defendant Sanchez only became emboldened to continue his sexual harassment.

48. In or about June 2022, Defendant Sanchez began forcing Plaintiff Minor #1 to touch Defendant Sanchez's penis. The first time occurred in or about June 2022, wherein Defendant Sanchez approached Plaintiff Minor #1 and claimed, "You want to feel it?" Defendant Sanchez then forcibly grabbed Plaintiff Minor #1's hand and moved it to Defendant Sanchez's genitals. Plaintiff Minor #1 tried to pull his hand back, but Defendant Sanchez smiled grotesquely and forced Plaintiff's hand to stay on Defendant Sanchez's genitals.

49. This terrible and severe sexual harassment happened on multiple occasions.

50. Further, on one occasion in or about June 2022, Defendant Sanchez approached Plaintiff Minor #1, and asked "You want to see it?" Plaintiff Minor #1 replied, "No, I'm good." Defendant Sanchez then forcibly showed Plaintiff Minor #1 a picture of Defendant Sanchez's erect and nude penis.

51. In the months that followed, Defendant Sanchez continued his terrible campaign of unconscionable sexual harassment against fifteen-year-old Plaintiff Minor #1, without any remorse or mercy.

52. For example, in or about March 2023, Defendant Sanchez approached Plaintiff Minor #1, Plaintiff Minor #2, and Plaintiff Minor #3, and asked them all if they were "Sexually active," and asked, "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"

53. Defendant Sanchez then went on to "Guess" which one of the Plaintiffs would most want to engage in anal intercourse with Defendant Sanchez, and asked in a crude and offensive manner, "Who's gonna let me hit for a raise?"

54. The three young Plaintiffs, all minors, were in disbelief and did not know how to respond to such an inappropriate question. Nevertheless, fearing Defendant Sanchez would retaliate or terminate them, they felt obligated to ignore the offensive questions.

55. Indeed, Plaintiff Minor #1 candidly notes that *"This has affected [Plaintiff Minor #1] very harshly. Every Time I have to go to work I go in with low energy, depressed, due to me knowing that [Defendant Sanchez] is going to be there and harass me, and there is nothing that I could do about it."*

56. As described herein, Defendants discriminated against Plaintiff Minor #1 on the basis of his sex (male) by way of sexual harassment, as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #1's body such as calling "Nice ass"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #1 such as "You gonna let me hit?", "How big is it?", "Wanna Fuck?, "How big is your butt though?", and "When you gonna suck it?"; by Defendant Sanchez asking Plaintiff Minor #1 "How big is [Plaintiff Minor #1's penis]?"; by Defendant Sanchez groping Plaintiff Minor#1's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez groping Plaintiff Minor #1 by rubbing his chest and nipples; by Defendant Sanchez asking Plaintiff Minor #1 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #1's buttocks, grabbing Plaintiff

Minor #1's genitals, and kissing Plaintiff Minor #1 on the cheek, all against Plaintiff Minor #1's will; by Defendant Sanchez forcefully penetrating Plaintiff Minor #1's anus with his finger, against Plaintiff Minor #1's will, and then forcing Plaintiff Minor #1 to "smell it"; by Defendant Sanchez forcibly showing Plaintiff Minor #1 a picture of Defendant Sanchez's erect and nude penis; by Defendant Sanchez forcing Plaintiff Minor #1 to grab Defendant Sanchez's genitals, against his will; by Management being aware of Defendant Sanchez's ongoing and grotesque sexual harassment of minors but refusing to intervene, escalate the situation to HR, or discipline Defendant Sanchez, and by Defendants creating a work environment so hostile, Plaintiff Minor #1 was forced to resign.

57.     Plaintiff Minor #1 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assaults.

58.     As described herein, immediately after Plaintiff Minor #1 engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #1 by treating Plaintiff Minor #1 with hostility and animosity; by speaking to Plaintiff Minor #1 in an angry and cruel manner; by forcing Plaintiff to do extra and unnecessary work such as forcing Plaintiff Minor #1 to get water from a water station in a different work station; by denying Plaintiff Minor #1 breaks; by forcing Plaintiff Minor #1 to carry extra plates; and by forcing Plaintiff Minor #1 to do the work of others as "punishment."

59.     As a result of Defendants' actions, Plaintiff Minor #1 feels extremely humiliated, degraded, victimized, embarrassed, traumatized, and emotionally distressed.

60.     As a result of Defendants' actions, Plaintiff Minor #1 has suffered depression, anxiety, loss of self-esteem, loss of confidence, irritability, anger, difficulty sleeping, and isolation from friends and families.

61. Also, as a result of Defendants' actions, Plaintiff Minor#1 has also suffered physical manifestations of anxiety and depression, severe emotional distress, feelings of self-doubt, lowered confidence, lowered self-esteem, and has cried multiple times.

62. As a result of Defendant's actions, Plaintiff has suffered a loss of appetite and difficulty eating.

63. As a result of the acts and conduct complained of herein, Plaintiff Minor #1 has suffered and will continue to suffer the loss of income, benefits, and other compensation that such employment entails, and Plaintiff Minor #1 has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff Minor #1 further experienced severe emotional and physical distress.

**MATERIAL FACTS OF PLAINTIFF MINOR #2**

64. In or about July 2022, Plaintiff Minor #2 began working for Defendant Sand as a Waiter earning $15.00 per hour.

65. At all times material, Plaintiff typically worked approximately 30-40 hours a week.

66. At all times material, Plaintiff Minor #2, a fifteen-year-old male at the time, typically worked after school.

67. At all times material, Plaintiff Minor #2 worked under the supervision of Manager and Maître D', Enrique "Ricky" Sanchez ("Defendant Sanchez"), and Owner Defendant Boultadakis.

68. As a Waiter, Plaintiff Minor #2's duties and responsibilities included but were not limited to cleaning as needed, serving food, serving drinks, taking dinner orders, taking drink orders, setting up for upcoming events, and assisting with tasks as requested.

69. At all times material, Plaintiff Minor #2 was an exemplary employee and dedicated to his position.

70. As such, by January 2023, Plaintiff Minor #2 received a merit-based salary increase of $1.00

per hour. Therefore, by January 2023, Plaintiff Minor #2 began earning $16.00 per hour.

71. However, similarly to Plaintiff Minor #1 and Plaintiff Minor #3, merely two weeks after Plaintiff Minor #2 began his tenure with Defendant Sand, Plaintiff Minor #2 was subjected to a severe and pervasive campaign of sexual harassment that went far beyond petty slights or trivial inconveniences.

72. Indeed, as appears to be Defendant Sanchez's modus operandi, merely two weeks after Plaintiff Minor #2 began working for Defendants, Defendant Sanchez began catcalling Plaintiff Minor #2 and making offensive and degrading comments regarding Plaintiff Minor #2's body such as "What a fat ass," "How big is it?", and by referring to Plaintiff Minor #2 as "Sexy."

73. Shortly thereafter, Defendant Sanchez's sexual harassment escalated as he began propositioning fifteen-year-old Plaintiff Minor #2 by asking, "When you gonna give me a blow job" and by asking, "That ass is fat, I bet it's tight?"

74. Plaintiff Minor #2 repeatedly explained he was not interested in a sexual relationship and did the best he could to ignore Defendant Sanchez.

75. However, starting in or about August 2022, anytime Plaintiff Minor #2 walked past Defendant Sanchez, Defendant Sanchez would smack or grab Plaintiff Minor#3's buttocks, or grope Plaintiff Minor #2's genitals.

76. This caused Plaintiff Minor #2 to feel disrespected, degraded, and demeaned, and often brought Plaintiff Minor #2 to tears.

77. Nevertheless, Plaintiff Minor #2 always felt unable to object or complain as he feared any complaints would result in his termination.

78. Indeed, Plaintiff Minor #2 was aware that Defendant Sanchez had a terrible temper and was

widely known to retaliate against any employee who dared complain about him. For example, Plaintiff Minor #2 had observed Defendant Sanchez retaliate against the other Plaintiffs by forcing them to do extra work, forcing them to carry extra plates, denying them breaks, micromanaging them, picking on them, and forcing them to do the tasks of other employees.

79. As such, fearing Defendant Sanchez's retaliation or Plaintiff Minor #2's possible termination, Plaintiff Minor #2 believed it would be best to just ignore Defendant Sanchez.

80. On multiple occasions, Defendant Sanchez would also walk up to Plaintiff Minor #2 and ask, "Do you wanna see it?" and "My shit is big." Plaintiff Minor #2 immediately understood these comments to be regarding Defendant Sanchez's penis. As such Plaintiff Minor #2 always declined and walked away as soon as possible.

81. Further, on multiple occasions, Defendant Sanchez would stroke his genitals and stare at Plaintiff Minor #2 in a sexual manner. This caused Plaintiff Minor #2 to feel degraded, demeaned, disgusted and humiliated.

82. Yet, finding no recourse for help, the only thing fifteen-year-old Plaintiff Minor #2 felt he could do was walk away and ignore Defendant Sanchez.

83. On other occasions, Defendant Sanchez would kiss his hands and then place his hands on Plaintiff Minor #2's lips while smirking in a flirtatious manner. Further, Defendant Sanchez would then attempt to kiss Plaintiff Minor #2 on the neck or cheek.

84. In the months that followed, Defendant Sanchez's severe and pervasive sexual harassment continued on a daily basis.

85. In or about March 2023, Defendant Sanchez approached Plaintiff Minor #2, Plaintiff Minor #1, and Plaintiff Minor #3, and asked them all if they were "Sexually active," and asked, "Are you guys still virgins?" and "Have you guys ever tried butt sex?"

86. Defendant Sanchez then went on to "Guess" which one of the Plaintiffs would most want to engage in anal intercourse with Defendant Sanchez, and asked in a crude and offensive manner, "Who's gonna let me hit for a raise?"

87. The three young Plaintiffs, all minors, were in disbelief and did not know how to respond to such an inappropriate question. Nevertheless, fearing Defendant Sanchez would retaliate or terminate them, they felt obligated to ignore the offensive questions.

88. On another occasion, in or about March 2023, while Plaintiff Minor #2 was in the kitchen, Defendant Sanchez walked up behind Plaintiff Minor #2, smacked Plaintiff Minor #2's buttocks, and then forcefully grabbed Plaintiff Minor #2's hand and placed it on Defendant Sanchez's genitals, while asking, "You feel my shit is big, right?"

89. Plaintiff Minor #2 pulled his hand back, stared at Defendant Sanchez, and asked in a serious tone, "Bro, are you deadass right now?" However, this immediately triggered Defendant Sanchez's temper. As such, Defendant Sanchez barked at Plaintiff Minor #2 and ordered him to "Get to work." Then, for the remainder of the night, Defendant Sanchez retaliated against Plaintiff Minor #2 by micromanaging him, ordering him to do extra work, ordering Plaintiff Minor #2 to complete the work of other employees, and denying Plaintiff Minor #2 any breaks that evening.

90. In or about May 2023, Plaintiff Minor #2 was standing near a water cooler when Defendant Sanchez walked by and suddenly pushed his genitals into Plaintiff Minor #2's hand.

91. Plaintiff Minor #2 was shocked, exclaimed, "What the hell!?" and walked away.

92. Meanwhile, as Plaintiff Minor #2 walked away, Defendant Sanchez stood there laughing at Plaintiff Minor #2.

93. Indeed, Defendant Sanchez has continued to forcefully push his genitals onto Plaintiff Minor

#2 multiple times since May 2023.

94. Further, Defendant Sanchez would often even attempt to kiss Plaintiff Minor #2 on the neck and would become visibly annoyed if Plaintiff Minor #2 moved or objected.

95. Plaintiff Minor #2 candidly notes, *"It's gotten to the point where it's just depressing, to go to work and we hope we don't work many days to avoid dealing with the sexual harassment."*

96. As described herein, Defendants discriminated against Plaintiff Minor #2 on the basis of his sex (male) as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #2's body such as calling Plaintiff "Sexy", commenting "What a fat ass", and asking "How big is it?"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #2 such as "You gonna let me hit?", "How big is it?", "When you gonna give me a blow job" and by asking, "That ass is fat, I bet it's tight?"; by Defendant Sanchez groping Plaintiff Minor #2's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez asking Plaintiff Minor #1 and the other Plaintiffs if they were, "Sexually active";  "Are you guys still virgins?" and, "Have you guys ever tried butt sex?";  by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #2's buttocks, grabbing Plaintiff Minor #2's genitals, and kissing Plaintiff Minor #2 on the cheek, all against Plaintiff Minor #2's will; by Defendant Sanchez smacking Plaintiff Minor #2's buttocks, forcing Plaintiff Minor #2's hand onto Defendant Sanchez's genitals and asking, "You feel my shit is big, right?"; by Defendant Sanchez repeatedly pushing his genitals onto Plaintiff Minor #2's body or hands; and by Management being aware of Defendant Sanchez's ongoing and grotesque sexual harassment of minors but refusing to intervene, escalate the situation to HR, or discipline Defendant Sanchez.

97. Plaintiff Minor #2 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assaults.

98. However, as described herein, immediately after Plaintiff engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #2 by creating an even more hostile and adverse work environment; by treating Plaintiff Minor #2 with hostility and animosity; by speaking to Plaintiff Minor #2 in an angry and hostile tone; by "Punishing" Plaintiff Minor #2 with more work; by denying Plaintiff Minor #2 breaks; by forcing Plaintiff Minor #2 to complete the work of other employees; and by micromanaging Plaintiff Minor #2.

99. As a result of Defendants' actions, Plaintiff Minor #2 feels extremely humiliated, degraded, victimized, embarrassed, traumatized, and emotionally distressed.

100. As a result of Defendants' actions, Plaintiff Minor #2 has suffered depression, anxiety, loss of self-esteem, loss of confidence, feelings of self-doubt, irritability, anger, and emotional numbness.

101. Further, as a result of Defendants actions, Plaintiff Minor #2 has suffered physical manifestations of stress and depression such as restlessness, anxiety attacks while at work, inability to sleep without sleep aids such as melatonin, has begun biting his nails, and has suffered significant crying.

102. As a result of the acts and conduct complained of herein, Plaintiff Minor #2 has suffered and will continue to suffer the loss of income, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff Minor #2 further experienced severe emotional and physical distress.

**MATERIAL FACTS OF PLAINTIFF MINOR #3**

103.    On or about November 3, 2022, Plaintiff Minor #3 (a fifteen-year-old male at the time) began working for Defendant Sand as a Waiter/Caterer, earning $15.00 per hour.

104.    At all times material, Plaintiff Minor #3 typically worked approximately 25 to 40 hours a week.

105.    At all times material, Plaintiff Minor #3 worked under the supervision of Manager and Maître D', Enrique "Ricky" Sanchez ("Defendant Sanchez") and Owner, Defendant Boultadakis.

106.    As a Waiter/Caterer, Plaintiff Minor #3's duties and responsibilities included but were not limited to cleaning as needed, serving food, serving drinks, taking dinner orders, taking drink orders, and assisting with tasks as requested.

107.    At all times material, Plaintiff Minor #3 was an exemplary employee and dedicated to his position.

108.    Indeed, in or about January 2023, due to Plaintiff Minor #3's dedication and strong work ethic, Defendant Sand issued Plaintiff Minor a merit-based salary increase. As such, by January 2023, Plaintiff Minor #3 began earning $16.00 per hour.

109.    At the start of Plaintiff Minor #3's tenure with Defendant Sand, Plaintiff Minor #3 was a fifteen-year-old male and worked this job after attending school all day.

110.    On or about November 3, 2023, when Plaintiff Minor #3 first started working for Defendant Sand, Defendant Sanchez "joked" with Plaintiff Minor #3 that once Plaintiff Minor #3 worked there for some time Defendant Sanchez would be "More comfortable" and would start "Harassing" Plaintiff Minor #3.

111.    Plaintiff Minor #3 believed this was a joke and laughed it off.

112.    However, on or about November 17, 2022, merely two weeks after Plaintiff Minor #3 began his tenure with Defendant Sand, Defendants began subjecting Plaintiff Minor #3 to an unconscionable campaign of severe and pervasive sexual harassment that went far beyond

petty slights or trivial inconveniences.

113.   For example, beginning on or about November 17, 2022, and continuing countless times after, Defendant Sanchez would catcall Plaintiff Minor #3, and make offensive and degrading statements regarding Plaintiff Minor #3's body such as claiming Plaintiff Minor #3 had a "Nice ass" and by asking, "Shake it for me."

114.   Plaintiff Minor #3 felt very uncomfortable with the statements and would try to ignore Defendant Sanchez or "laugh it off" in order to avoid awkward tension with his manager.

115.   Indeed, Plaintiff Minor #3 quickly learned by observing the other waiters that complaining about or objecting to Defendant Sanchez's sexual harassment would only anger Defendant Sanchez and would lead to "punishment" throughout the day.

116.   Notably, Plaintiff Minor #3 was at the time, a fifteen-year-old male, and this was his first experience in a work environment. As such, Plaintiff Minor #3 felt uncomfortable and unable to complain to upper management regarding Defendant Sanchez's, sexual harassment and retaliation.

117.   As time went on, Defendant Sanchez escalated his sexual harassment by repeatedly asking Plaintiff Minor #3, "How big is it?" Plaintiff Minor #3 understood this to be a question regarding the size of his penis.

118.   Plaintiff Minor #3 felt very uncomfortable, upset, and alarmed by the offensive question but once again found himself forced to "laugh it off" and pretend it wasn't a "big deal" to avoid Defendant Sanchez's temper.

119.   With time Defendant Sanchez's sexual harassment only worsened and escalated as he became emboldened to touch Plaintiff Minor #3 in a sexual manner.

120.   Indeed, by late November 2022, Defendant Sanchez began touching Plaintiff's buttocks and

genitals anytime Plaintiff Minor #3 walked past Defendant Sanchez.

121. Then, on or about December 2022, Plaintiff Minor #3 was on his meal break when Defendant Sanchez walked up behind Plaintiff Minor #3, stood behind Plaintiff Minor #3, reached around grabbed Plaintiff Minor #3's nipples, and squeezed them in front of various coworkers.

122. Plaintiff Minor #3 felt humiliated, angry, hurt, and degraded by Defendant Sanchez's grossly inappropriate behavior.

123. Nevertheless, Plaintiff Minor #3 felt forced to stay silent and not speak up as he feared Defendant Sanchez had the power to terminate his employment.

124. Indeed, in the months that followed, Defendant Sanchez repeatedly tortured Plaintiff Minor #3 by publicly humiliating him and groping his chest/nipples in front of others; by repeatedly slapping Plaintiff Minor #3's buttocks anytime Plaintiff Minor #3 walked past Defendant Sanchez; by repeatedly cat calling Plaintiff Minor #3, and by asking Plaintiff Minor #3 personal and inappropriate questions regarding the minor's sex life.

125. In or about March 2023, Defendant Sanchez approached Plaintiff Minor #3, Plaintiff Minor #1, and Plaintiff Minor #2, and asked them all if they were "Sexually active," and asked, "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"

126. Defendant Sanchez then went on to "Guess" which one of the Plaintiffs would most want to engage in anal intercourse with Defendant Sanchez, and asked in a crude and offensive manner, "Who's gonna let me hit for a raise?"

127. The three young Plaintiffs, all minors, were in disbelief and did not know how to respond to such an inappropriate question. Nevertheless, fearing Defendant Sanchez would retaliate or terminate them, they felt obligated to ignore the offensive questions.

128. Indeed, Defendant Sanchez's sexual harassment became a constant, unyielding, and daily

event. Plaintiff Minor #3 notes he felt depressed, anxious, and worried anytime he had to report to work.

129. Then, in or about May 2023, Defendant Sanchez sexually accosted Plaintiff Minor #3 by walking up behind Plaintiff Minor #3 and using his finger to penetrate Plaintiff Minor #3's anus. Plaintiff Minor #3 was shocked and distraught by the sexual assault.

130. Plaintiff Minor #3 then backed away from Defendant Sanchez and exclaimed, "Chill!" But Defendant Sanchez became visibly angered, and responded in a strict and hostile tone, "Oh! So, I can't fuck with you?"

131. Plaintiff Minor #3 understood this to be a threat and felt any further complaints or disagreements could cost Plaintiff Minor #3 his employment.

132. Indeed, Plaintiff Minor #3 was distraught, humiliated, and angered by Defendant Sanchez's terrible and abusive behavior. However, Plaintiff Minor #3, a fifteen-year-old male at the time, felt unable to complain to Management as he feared Defendant Sanchez would have him terminated.

133. Further, Plaintiff Minor #3 quickly learned from observing other waiters that upsetting Defendant Sanchez or objecting to his abusive acts would only trigger Defendant Sanchez's temper and retaliation.

134. For example, on occasions where Plaintiff Minor #3 (or any of the Plaintiffs) objected to or complained of Defendant Sanchez's sexual harassment, Defendant Sanchez would react in a hostile and angry manner and would then "Punish" Plaintiffs by assigning more work, by forcing Plaintiffs to take more difficult routes while working, by forcing Plaintiffs to carry extra plates, by forcing Plaintiffs to do the work of others as punishment, by denying Plaintiffs breaks; and by assigning unreasonable tasks only to punish Plaintiffs.

135. As such, Plaintiff Minor #3 quickly learned it was best to simply "laugh off" and ignore Defendant Sanchez's sexual harassment as complaining or objecting would only worsen the situation.

136. Plaintiff made multiple complaints to his friends and coworkers, complaining of Defendant Sanchez's severe and pervasive sexual harassment. As such, Minor Plaintiff #3 then learned he was not the only victim.

137. As described herein, Defendants discriminated against Plaintiff Minor #3 on the basis of his sex (male) by way of sexual harassment as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #3's body such as cat calling "Nice ass" and "Shake it for me"; by referring to Plaintiff as "Sexy"; by Defendant Sanchez asking Plaintiff Minor #3 "How big is [Plaintiff Minor #3's penis]?"; by Defendant Sanchez groping Plaintiff Minor #3's buttocks and genitals anytime he walked past Defendant Sanchez; by humiliating and groping Plaintiff Minor #3 by rubbing his chest and nipples in front of various other employees; by asking Plaintiff Minor #3 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez penetrating Plaintiff Minor #3's anus with his finger and then forcing Plaintiff Minor #3 to "smell it"; by Management being aware of Defendant Sanchez's sexual harassment against minors, but refusing to intervene, escalate to HR, or discipline Defendant Sanchez.

138. Plaintiff Minor #3 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assault.

139. However, as described herein, immediately after Plaintiff Minor #3 engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #3 by creating an even more

hostile and adverse work environment; treating Plaintiff Minor #3 with hostility and animosity; speaking to Plaintiff Minor #3 in an angry and hostile tone; "Punishing" Plaintiff Minor #3 with more work; denying Plaintiff Minor #3 breaks; forcing Plaintiff Minor #3 to complete the work of other employees; and micromanaging Plaintiff Minor #3.

140. As a result of Defendants' actions, Plaintiff Minor #3 feels extremely humiliated, degraded, victimized, embarrassed, traumatized, and emotionally distressed.

141. As a result of Defendants' actions, Plaintiff Minor #3 has suffered depression, anxiety, loss of self-esteem, loss of confidence, anger, and difficulty sleeping.

142. As a result of the acts and conduct complained of herein, Plaintiff Minor #3 has suffered and will continue to suffer the loss of income, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff Minor #3 further experienced severe emotional and physical distress.

**As To All Three Plaintiffs**

143. Notably, Defendants have a history of sexual harassment against underage male employees. For example, an underage former employee ("Former Employee") is aware of, experienced, and witnessed, Defendant Sanchez's sexual harassment against Plaintiff Minor #1, Plaintiff Minor #2, and Plaintiff Minor #3. Further, the Former Employee has himself been a victim of Defendant Sanchez's relentless sexual harassment and found himself forced to resign as the sexual harassment became unbearable.

144. Defendant Sand, Defendant Boultadakis, Management, and generally all employees were aware of Defendant Sanchez's sexually assaulting, sexually harassing, and groping employees due to Defendant Sanchez's public and shameless acts. Indeed, Defendant Sanchez made no

effort to hide his sexual assaults and very frequently assaulted Plaintiffs in public with various other employees watching.

145. Furthermore, Defendant Sand and Defendant Boultadakis have two very large-screen televisions, mounted on the wall in front of Defendant Boultadakis' desk, displaying approximately forty-eight security cameras throughout the venue, many of which Defendant Sand claims are HD cameras. As such, claims that Defendant Sand and Defendant Boultadakis did not know of this repeated, constant, and habitual sexual harassment and sexual assault are unreasonable and untruthful.

146. Nevertheless, Defendant Sand and Defendant Boultadakis repeatedly failed to intervene, failed to escalate the sexual assault to HR, and repeatedly failed to discipline Defendant Sanchez in any manner.

147. As such, Plaintiff Minor #1, Plaintiff Minor #2, and Plaintiff Minor #3 often felt safest when working in close spaces together so that they could protect each other and deter sexual harassment and assault.

148. Unfortunately, the minors were not always able to be in a group and oftentimes found themselves alone and at the mercy of Defendant Sanchez.

149. Notably, this is not the first time Defendant Sand has been accused of sexual harassment. A former female employee (name unknown) also filed a legal claim against Defendant Sand and its owner, Defendant Boultadakis. As per an audio recording of Manager Mr. Martin, Defendant Boultadakis paid the female employee a large sum of money to avoid any legal action.

150. Most recently, on or about the week of August 21, 2023, Counsel for Plaintiffs sent Defendants a claim letter and a copy of this complaint. However, immediately upon receiving notice of

legal action, **Defendant Sand and** Defendant Boultadakis (owner), immediately began an unconscionable campaign of retaliation against the three underage Plaintiffs by harassing them, repeatedly calling them, threatening them, and attempting to coerce the minors into signing waivers in exchange for $2000.

151.    Indeed, on or about August 29, 2023, at approximately 4:30 p.m., Defendant Boultadakis called all employees into a meeting. During the meeting, Defendant Boultadakis then claimed that all staff should "Feel comfortable" speaking with Defendant Boultadakis directly about any incidents at work.

152.    Then, in front of all employees, Defendant Boultadakis called out and asked for Plaintiff Minor #1, Plaintiff Minor #2, and Plaintiff Minor #3 to identify themselves. Defendant Boultadakis then publicly lectured the underage Plaintiffs and claimed they should "Know better" and should have gone directly to Defendant Boultadakis with any complaints before seeking legal action. Defendant Boultadakis even went so far as to publicly lecture and scold Plaintiff Minor #1 and claim, "Your father works here, did you tell your father?"

153.    Notably, this humiliating and demeaning conversation occurred in front of the entire staff.

154.    Defendant Boultadakis then called the three Plaintiffs into his office to speak privately. Additionally, Defendant Boultadakis also called in Manager Mr. Martin, and Plaintiff Minor #1's father, John Doe #1 who at the time was a valet parker for Defendant Sand, to join the conversation.

155.    Once in his office, Defendant Boultadakis began coercing, intimidating, and threatening the three young Plaintiffs into ending their legal case, signing a waiver, and accepting $2000 to end the case.

156.    Notably, Defendant Boultadakis went so far as to intimidate the underage Plaintiffs by

claiming he was a "Powerful man" and that this case would go on "Forever." Defendant Boultadakis then claimed he doesn't "Pay lawyers" and that lawyers would only "Brainwash" Plaintiffs.

157. Defendant Boultadakis then attempted to change his tone, and claimed the Plaintiffs were like his "Kids" and claimed, "You should have come talk to me, it's not me it's not my reputation, it's here it's the company."

158. Notably, although John Doe #1, was in the room, he was unable to understand what was being said as John Doe #1 speaks a very limited amount of English. Indeed, Mr. Martin only chose to translate certain parts of the conversation and did not translate the entire conversation.

159. Defendant Boultadakis even attempted to intimidate John Doe #1 by claiming, "I treat you good? I pay you good?"

160. Defendant Boultadakis then maliciously and falsely told the three underage Plaintiffs and John Doe #1, "Technically, there is no case for you guys, you didn't open your mouth, if you go to [Mr. Martin] or you come to me and I do nothing, then there's trouble… I don't blame you guys…but I have lawyers, you're not gonna make money…"

161. Defendant Boultadakis then addressed Mr. Martin and claimed, "You need to tell these kids, tell them what will happen." Defendant Boultadakis continued, "[John Doe #1], [Minor #1], [Minor #2], [Minor #3] if I have to give $5000 to my lawyers, I rather give it to you. You're good boys, I want to see you here. I want you to work here forever. But there's no money here, I'm going to fight...I have lawyers."

162. Defendant Boultadakis ended his lecture by claiming, "If you make the decision to stop this case, I'll take care of you guys, or I will go all the way through because you have no case."

163. The three underage Plaintiffs, and John Doe #1 left the office feeling dejected, threatened,

nervous, and worried for their employment.

164. However, Defendants continued retaliating against the Plaintiffs. Indeed, the same week the underage Plaintiffs officially sent their claim letter and complaint to Defendants, Plaintiff Minor #1's was vandalized and keyed on both sides of the car, while Plaintiff Minor #1 was at work, and while his car was parked in Defendants parking lot.

165. On another occasion, Defendants' employee and Manager, Mr. Martin, also attempted to coerce and threaten the underage Plaintiffs into withdrawing their legal case by claiming Defendant Boultadakis was a "Powerful man" and a "Big fish."

166. Mr. Martin then claimed, "I'm not upset at you, I'm not mad at you... but [Defendant Boultadakis] is going straight to court, he isn't going to negotiate." Mr. Martin then went on to claim, "Piece of advice, I would think about it...settle with him. I know the results of this, I already know, because I know him, I know [Defendant Boultadakis] well, I know him very well, [Defendant Boultadakis] is going to go to the deepest shit...He already signed those documents what do you think they say?"

167. Mr. Martin then went on to maliciously intimidate the three underage Plaintiffs by claiming the case has no hope as "[Defendant Boultadakis] has all the connections, he's got all the lawyers, his daughter is a lawyer, his daughter works for a Judge in Nassau County, he's got all the connections." Mr. Martin continued to intimidate the underage Plaintiffs by claiming Defendant Boultadakis has connections with Republican politicians and by claiming Defendant Boultadakis is "Fucking loaded.... these motherfuckers are so smart they know how to hide the money, they can buy a $500,000 house with just a signature..."

168. Mr. Martin then went on to claim, "From his end, you're not gonna get shit. I shouldn't be telling you this, but I want you to keep your job....think about it if you guys want, tomorrow

I'm off, but tomorrow if I don't get an answer, tomorrow he's gonna send that shit to the lawyer, again don't take my word for it, do what you want, but I would hate for you guys to lose your job, not get a fucking penny from him, and on top of that he's gonna make sure that you guys it's gonna be on all your fucking records, I shouldn't be saying this, because I know how much power he has. I don't want to scare you, but if you guys think you have a case…what did your lawyer tell you? They told you they have a case? These lawyers are going to get you $1000 each."

169. Lastly, and most despicably, Mr. Martin then blamed the underage Plaintiffs and claimed they had no case because they didn't tell their manager and didn't notify the authorities that they were sexually harassed. Indeed, Mr. Martin claimed that in order to file a lawsuit, a sexual harassment victim must first "Talk to the superior, higher command, and then you can go…but in your case, you guys don't have that. And on top of that, he always told you his door is open, and you all signed a document saying his door is open."

170. On or about August 30, 2023, Defendant Boultadakis once again contacted the three young Plaintiffs and continued harassing them into signing a legal waiver and dropping the case. Defendant Boultadakis went to lengths to describe how "Pointless" their case was, and further attempted to bribe the minors with $2000.

171. On or about August 31, 2023, Plaintiff Minor #3 informed Defendant Boultadakis that Plaintiff Minor #3 would not be withdrawing his legal case. Defendant Boultadakis then raised his bribe to $5000 per Plaintiff.

172. That same day, Defendant Boultadakis contacted all three underage Plaintiffs and continued harassing, threatening, and intimidating them into signing a waiver and ending their case.

173. As such, on or about August 31, 2023, unable to continue enduring the relentless harassment

and intimidation, all three underage Plaintiffs, as well as John Doe #1, were forced to resign their employment from Defendant Sand and Defendant Boultadakis.

174. The resignation of all three minor Plaintiffs and John Doe #1, constitutes a constructive discharge, as the work environment became so hostile and adverse that any reasonable employee in the same position would have felt compelled to resign.

**FIRST CAUSE OF ACTION**
**FOR SEX DISCRIMINATION UNDER TITLE VII**
**FOR MINOR #1**

175. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

176. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

177. As described herein, Defendants engaged in unlawful employment practices prohibited by Title VII, by discriminating against Plaintiff Minor #1 on the basis of his sex (male) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff by way of severe and pervasive sexual harassment.

178. As described herein, Defendants discriminated against Plaintiff Minor#1 on the basis of his sex (male) by way of sexual harassment, as evidenced by Defendants creating a hostile and

adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor#1's body such as calling "Nice ass"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor#1 such as "You gonna let me hit?", "How big is it?", "Wanna Fuck?, "How big is your butt though?", and "When you gonna suck it?"; by Defendant Sanchez asking Plaintiff Minor#1 "How big is [Plaintiff Minor#1's penis]?"; by Defendant Sanchez groping Plaintiff Minor#1's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez groping Plaintiff Minor#1 by rubbing his chest and nipples; by Defendant Sanchez asking Plaintiff Minor#1 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #1's buttocks, grabbing Plaintiff Minor#1's genitals, and kissing Plaintiff Minor#1 on the cheek, all against Plaintiff Minor#1's will; by Defendant Sanchez forcefully penetrating Plaintiff Minor#1's anus with his finger, against Plaintiff Mionr#1's will, and then forcing Plaintiff Minor#1 to "smell it"; by Defendant Sanchez forcibly showing Plaintiff Minor #1 a picture of Defendant Sanchez's erect and nude penis; by Defendant Sanchez forcing Plaintiff Minor#1 to grab Defendant Sanchez's genitals, against his will; and by Management being aware of Defendant Sanchez's ongoing and grotesque sexual harassment of minors but refusing to intervene, escalate the situation to HR, or discipline Defendant Sanchez.

179.    As a result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff Minor#1 has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

180.    As a result of the unlawful discriminatory conduct of the Defendants in violation of Title VII,

Plaintiff Minor#1 has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor#1 is entitled to an award of monetary damages and other relief.

181. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**FOR PLAINTIFF MINOR #1**

182. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

183. 42 U.S.C. § 2000e-3(a) provides in relevant part that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment practice by
> this subchapter, or because he has made a charge, testified, assisted
> or participated in any manner in an investigation, proceeding, or
> hearing under this subchapter.

184. Plaintiff Minor #1 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assaults.

185. As described herein, immediately after Plaintiff engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #1 by treating Plaintiff Minor #1 with hostility and animosity; by speaking to Plaintiff Minor #1 in an angry manner; by forcing Plaintiff to do

extra and unnecessary work such as forcing Plaintiff to get water from a water station in a different work station; by denying Plaintiff Minor#1 breaks; by forcing Plaintiff to carry extra plates; by forcing Plaintiff to do the work of others as "punishment"; by Defendant Sand through one of its employees, vandalizing Plaintiff Minor #1's car and keying both sides of Plaintiff Minor #1's car the very week that Plaintiff Minor #1 filed legal action against Defendants; by Defendant Sand, Manager Mr. Martin, and Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; by Mr. Martin, and Defendant Boultadakis maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by Defendant Sand and Defendant Boultadakis attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by Defendant Sand, Mr. Martin, and Defendant Boultadakis threatening to terminate the three underage Plaintiffs by claiming, "I'd hate to see you lose your job"; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1 and by creating a work environment so hostile and adverse all three underage Plaintiffs were forced to resign.

186. Defendants would not have retaliated against Plaintiff Minor#1 but for Plaintiff's objections to the sexual harassment and hostile work environment.

187. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

188. As a result of Defendants' unlawful conduct in violation of Title VII, Plaintiff Minor#1 has suffered, and continues to suffer, economic loss, for which Plaintiff Minor#1 is entitled to an

award of monetary damages and other relief.

189. As a result of the unlawful conduct of Defendants in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor#1 is entitled to an award of monetary damages and other relief.

190. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff Minor #1 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

### THIRD CAUSE OF ACTION
### FOR SEX DISCRIMINATION UNDER THE NYSHRL
### FOR PLAINTIFF MINOR #1

191. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

192. New York State Executive Law §296(1)(a) provides in relevant part that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (Emphasis added)

193. Under New York State law, sexual harassment does not need to be "severe or pervasive" before it is unlawful. A single incident can be sufficient. Harassment is unlawful if it is anything more than what a "reasonable victim of discrimination would consider petty slights or trivial inconveniences."

194. As described above, Defendants' actions and harassment went far beyond "petty slights or

trivial inconveniences." As described herein, Defendants engaged in unlawful employment practices prohibited by NYSHRL, by discriminating against Plaintiff Minor#1 on the basis of his sex (male) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff Minor#1 by way of sexual harassment.

195. As described herein, Defendants discriminated against Plaintiff Minor #1 on the basis of his sex (male) by way of sexual harassment, as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #1's body such as calling "Nice ass"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #1 such as "You gonna let me hit?", "How big is it?", "Wanna Fuck?, "How big is your butt though?", and "When you gonna suck it?"; by Defendant Sanchez asking Plaintiff Minor#1 "How big is [Plaintiff Minor #1's] penis?"; by Defendant Sanchez groping Plaintiff Minor #1's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez groping Plaintiff Minor#1 by rubbing his chest and nipples; by Defendant Sanchez asking Plaintiff Minor #1 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #1's buttocks, grabbing Plaintiff Minor #1's genitals, and kissing Plaintiff Minor on the cheek, all against Plaintiff Minor #1's will; by Defendant Sanchez forcefully penetrating Plaintiff Minor #1's anus with his finger, against Plaintiff Minor #1's will, and then forcing Plaintiff Minor #1 to "smell it"; by Defendant Sanchez forcibly showing Plaintiff Minor #1 a picture of Defendant Sanchez's erect and nude penis; by Defendant Sanchez forcing Plaintiff Minor #1 to grab Defendant Sanchez's

genitals, against his will; and by Management being aware of Defendant Sanchez's ongoing and grotesque sexual harassment of minors but refusing to intervene, escalate the situation to HR, or discipline Defendant Sanchez.

196. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff Minor#1 has suffered and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

197. As a result of the unlawful discriminatory conduct of the Defendants in violation of NYSHRL, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor#1 is entitled to an award of monetary damages and other relief.

198. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of NYSHRL, for which Plaintiff Minor #1 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER THE NYSHRL**
**FOR PLAINTIFF MINOR #1**

199. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

200. Executive Law § 296 provides in relevant part that:

> "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

201. Plaintiff Minor #1 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assaults.

202. As described herein, immediately after Plaintiff engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #1 by treating Plaintiff Minor #1 with hostility and animosity; by speaking to Plaintiff Minor #1 in an angry manner; by forcing Plaintiff to do extra and unnecessary work such as forcing Plaintiff to get water from a water station in a different work station; by denying Plaintiff Minor #1 breaks; by forcing Plaintiff to carry extra plates; by forcing Plaintiff to do the work of others as "punishment"; by Defendant Sand through one of its employees, vandalizing Plaintiff Minor #1's car and keying both sides of Plaintiff Minor #1's car the very week that Plaintiff Minor #1 filed legal action against Defendants; by Defendant Sand, Mr. Martin, and Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; by Mr. Martin, and Defendant Boultadakis maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by Defendant Sand and Defendant Boultadakis attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by Defendant Sand, Mr. Martin, and Defendant Boultadakis threatening to terminate the three underage Plaintiffs by claiming, "I'd hate to see you lose your job"; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1; and by creating a work environment so hostile and adverse all three underage Plaintiffs were forced to resign.

203. Defendants would not have retaliated against Plaintiff Minor #1 but for Plaintiff's objections to the sexual harassment and hostile work environment.

204. Such retaliatory treatment would dissuade any reasonable employee from making or

supporting a similar complaint of discrimination.

205. As a result of Defendants unlawful conduct in violation of the NYSHRL, Plaintiff Minor #1 has suffered and continues to suffer, economic loss, for which Plaintiff Minor#1 is entitled to an award of monetary damages and other relief.

206. As a result of the unlawful conduct of the Defendants in violation of NYSHRL, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor#1 is entitled to an award of monetary damages and other relief.

207. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of NYSHRL, for which Plaintiff Minor #1 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**FOR CIVIL ASSAULT**
**FOR PLAINTIFF MINOR #1**
(Against Defendant Sanchez)

208. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

209. A claim of civil assault is defined as intentionally placing another in fear of imminent harmful or offensive contact.

210. Defendant Sanchez intentionally placed Plaintiff Minor #1 in fear of imminent harmful or offensive contact by repeatedly making sexual advances towards Plaintiff Minor #1; by making offensive and degrading comments regarding Plaintiff Minor #1's body such as calling "Nice ass"; Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #1 such as "You gonna let me hit?", "How big is it?", "Wanna Fuck?, "How big is your butt

though?", and "When you gonna suck it?"; by Defendant Sanchez asking Plaintiff Minor #1 "How big is [Plaintiff Minor #1's] penis?"; by Defendant Sanchez groping Plaintiff Minor #1's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez groping Plaintiff Minor #1 by rubbing his chest and nipples; by Defendant Sanchez asking Plaintiff Minor #1 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #1's buttocks, grabbing Plaintiff Minor #1's genitals, and kissing Plaintiff Minor #1 on the cheek, all against Plaintiff Minor #1's will; by Defendant Sanchez forcefully penetrating Plaintiff Minor #1's anus with his finger, against Plaintiff Minor #1's will, and then forcing Plaintiff Minor #1 to "smell it"; by Defendant Sanchez forcibly showing Plaintiff Minor #1 a picture of Defendant Sanchez's erect and nude penis; and by Defendant Sanchez forcing Plaintiff Minor #1 to grab Defendant Sanchez's genitals, against his will.

211. As a result of Defendant Sanchez's unlawful conduct, Plaintiff Minor #1 has suffered and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

212. Plaintiff Minor #1 is entitled to the maximum amount allowed under this statute/law.

**SIXTH CAUSE OF ACTION**
**FOR CIVIL BATTERY**
**FOR MINOR #1**
(Against Defendant Sanchez)

213. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

214. A claim of civil battery is defined as intentional and unjustified touching of another person, without that person's consent, with the intent to cause bodily contact that a reasonable person would find offensive.

215. Defendant Sanchez intentionally touched Plaintiff Minor #1, without his consent, with the intent to cause bodily contact, by repeatedly touching Plaintiff Minor #1 in inappropriate manners; by Defendant Sanchez groping Plaintiff Minor #1's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez groping Plaintiff Minor #1 by rubbing his chest and nipples; by Defendant Sanchez grabbing Plaintiff Minor #1's buttocks, grabbing Plaintiff Minor #1's genitals, and kissing Plaintiff Minor #1 on the cheek, all against Plaintiff Minor #1's will; by Defendant Sanchez forcefully penetrating Plaintiff Minor #1's anus with his finger, against Plaintiff Minor #1's will, and then forcing Plaintiff Minor #1 to "smell it"; by Defendant Sanchez forcibly showing Plaintiff Minor #1 a picture of Defendant Sanchez's erect and nude penis; and by Defendant Sanchez forcing Plaintiff Minor #1 to grab Defendant Sanchez's genitals, against his will.

216. Any reasonable person would find the egregious foregoing events to be extremely offensive.

217. As a result of Defendant Sanchez's unlawful conduct, Plaintiff Minor #1 has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

218. Plaintiff Minor #1 is entitled to the maximum amount allowed under this statute/law.

## SEVENTH CAUSE OF ACTION
## FOR SEX DISCRIMINATION UNDER TITLE VII
## FOR PLAINTIFF MINOR #2

219. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

220. 42 U.S.C. § 2000e-2(a)(1), states in part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

221. As described herein, Defendants engaged in unlawful employment practices prohibited by Title VII, by discriminating against Plaintiff Minor #2 on the basis of his sex and gender (male) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff by way of severe and pervasive sexual harassment.

222. As described herein, Defendants discriminated against Plaintiff Minor #2 on the basis of his sex (male) as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #2's body such as calling Plaintiff "Sexy", commenting "What a fat ass", and asking "How big is it?"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #2 such as "You gonna let me hit?", "How big is it?", "When you gonna give me a blow job" and by asking, "That ass is fat, I bet it's tight?"; by Defendant Sanchez groping Plaintiff Minor #2's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez asking Plaintiff Minor #2 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still

virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #2's buttocks, grabbing Plaintiff Minor #2's genitals, and kissing Plaintiff Minor #2 on the cheek, all against Plaintiff Minor #2's will; by Defendant Sanchez smacking Plaintiff Minor #2's buttocks, forcing Plaintiff Minor #2's hand onto Defendant Sanchez's genitals and asking, "You feel my shit is big, right?"; by Defendant Sanchez repeatedly pushing his genitals onto Plaintiff Minor #2's body or hands; and by Management being aware of Defendant Sanchez's ongoing and grotesque sexual harassment of minors but refusing to intervene, escalate the situation to HR, or discipline Defendant Sanchez.

223. As a result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff Minor #2 has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

224. As a result of the unlawful discriminatory conduct of the Defendants in violation of Title VII, Plaintiff Minor #2 has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #2 is entitled to an award of monetary damages and other relief.

225. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff Minor #2 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## FOR PLAINTIFF MINOR #2

226. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred

seventy-seven.

227. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment practice by
> this subchapter, or because he has made a charge, testified, assisted
> or participated in any manner in an investigation, proceeding, or
> hearing under this subchapter.

228. Plaintiff Minor #2 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assaults.

229. However, as described herein, immediately after Plaintiff Minor #2 engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #2 by creating an even more hostile and adverse work environment; by treating Plaintiff Minor #2 with hostility and animosity; by speaking to Plaintiff Minor #2 in an angry and hostile tone; by "Punishing" Plaintiff Minor #2 with more work; by denying Plaintiff Minor #2 breaks; by forcing Plaintiff Minor #2 to complete the work of other employees; by micromanaging Plaintiff Minor #2; by Defendant Sand, Manager Mr. Martin, and Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; by Manager Mr. Martin, and Defendant Boultadakis maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by Defendant Sand and Defendant Boultadakis attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by

Defendant Sand, Mr. Martin, and Defendant Boultadakis threatening to terminate the three underage Plaintiffs by claiming, "I'd hate to see you lose your job"; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1; and by creating a work environment so hostile and adverse all three underage Plaintiffs were forced to resign.

230. Defendants would not have retaliated against Plaintiff Minor #2 but for Plaintiff Minor #2's objections to the sexual harassment and hostile work environment.

231. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

232. As a result of Defendants' unlawful conduct in violation of Title VII, Plaintiff Minor #2 has suffered and continues to suffer, economic loss, for which Plaintiff Minor #2 is entitled to an award of monetary damages and other relief.

233. As a result of the unlawful conduct of Defendants in violation of Title VII, Plaintiff Minor #2 has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress, and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #2 is entitled to an award of monetary damages and other relief.

234. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff Minor #2 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

### NINTH CAUSE OF ACTION
### FOR SEX DISCRIMINATION UNDER THE NYSHRL
### FOR PLAINTIFF MINOR #2

235. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

236. New York State Executive Law §296(1)(a) provides that

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (Emphasis added)

237. Under New York State law, sexual harassment does not need to be "severe or pervasive" before it is unlawful. A single incident can be sufficient. Harassment is unlawful if it is anything more than what a "reasonable victim of discrimination would consider petty slights or trivial inconveniences."

238. As described above, Defendants' actions and harassment went far beyond "petty slights or trivial inconveniences." As described herein, Defendants engaged in unlawful employment practices prohibited by NYSHRL, by discriminating against Plaintiff Minor #2 on the basis of his sex and gender (male) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff Minor #2 by way of sexual harassment.

239. As described herein, Defendants discriminated against Plaintiff Minor #2 on the basis of his sex (male) as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #2's body such as calling Plaintiff "Sexy", commenting "What a fat ass", and asking "How big is it?"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #2 such as "You gonna let me hit?", "How big is it?", "When you gonna give me a blow job" and by asking, "That ass is fat, I bet it's tight?"; by Defendant Sanchez groping Plaintiff Minor

#2's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez asking Plaintiff Minor #2 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #2's buttocks, grabbing Plaintiff Minor #2's genitals, and kissing Plaintiff Minor #2 on the cheek, all against Plaintiff Minor #2's will; by Defendant Sanchez smacking Plaintiff Minor #2's buttocks, forcing Plaintiff Minor #2's hand onto Defendant Sanchez's genitals and asking, "You feel my shit is big, right?"; by Defendant Sanchez repeatedly pushing his genitals onto Plaintiff Minor #2's body or hands; and by Management being aware of Defendant Sanchez's ongoing and grotesque sexual harassment of minors but refusing to intervene, escalate the situation to HR, or discipline Defendant Sanchez.

240. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff Minor #2 has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

241. As a result of the unlawful discriminatory conduct of the Defendants in violation of NYSHRL, Plaintiff Minor #2 has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #2 is entitled to an award of monetary damages and other relief.

242. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of NYSHRL, for which Plaintiff Minor #2 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**TENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER THE NYSHRL**

**FOR PLAINTIFF MINOR #2**

243. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

244. Executive Law § 296 provides that:

> "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

245. Plaintiff Minor #2 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assaults.

246. However, as described herein, immediately after Plaintiff Minor #2 engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #2 by creating an even more hostile and adverse work environment; by treating Plaintiff Minor #2 with hostility and animosity; by speaking to Plaintiff Minor #2 in an angry and hostile tone; by "Punishing" Plaintiff Minor #2 with more work; by denying Plaintiff Minor #2 breaks; by forcing Plaintiff Minor #2 to complete the work of other employees; by micromanaging Plaintiff Minor #2; by Defendant Sand, Manager Mr. Martin, and Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; by Manager Mr. Martin, and Defendant Boultadakis maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by Defendant Sand and Defendant Boultadakis attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by Defendant Sand, Mr. Martin, and Defendant Boultadakis threatening to terminate the three

44

underage Plaintiffs by claiming, "I'd hate to see you lose your job"; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1; and by creating a work environment so hostile and adverse all three underage Plaintiffs were forced to resign.

247. Defendants would not have retaliated against Plaintiff Minor #2 but for Plaintiff Minor #2's objections to the sexual harassment and hostile work environment.

248. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

249. As a result of Defendants unlawful conduct in violation of the NYSHRL, Plaintiff Minor #2 has suffered and continues to suffer, economic loss, for which Plaintiff Minor #2 is entitled to an award of monetary damages and other relief.

250. As a result of the unlawful conduct of the Defendants in violation of NYSHRL, Plaintiff Minor #2 has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #2 is entitled to an award of monetary damages and other relief.

251. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of NYSHRL, for which Plaintiff Minor #2 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## ELEVENTH CAUSE OF ACTION
## FOR CIVIL ASSAULT
## FOR PLAINTIFF MINOR #2
(Against Defendant Sanchez)

252. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

253. A claim of civil assault is defined as intentionally placing another in fear of imminent harmful

or offensive contact.

254. Defendant Sanchez intentionally placed Plaintiff Minor #2 in fear of imminent harmful or offensive contact by repeatedly making offensive and degrading comments regarding Plaintiff Minor #2's body such as calling Plaintiff "Sexy", commenting "What a fat ass", and asking "How big is it?"; by Defendant Sanchez making sexual propositions to fifteen-year-old Plaintiff Minor #2 such as "You gonna let me hit?", "How big is it?", "When you gonna give me a blow job" and by asking, "That ass is fat, I bet it's tight?"; by Defendant Sanchez groping Plaintiff Minor #2's buttocks and genitals anytime Plaintiff walked past him; by Defendant Sanchez asking Plaintiff Minor #2 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez asking all three Plaintiffs, "Who's gonna let me hit for a raise?"; by Defendant Sanchez grabbing Plaintiff Minor #2's buttocks, grabbing Plaintiff Minor #2's genitals, and kissing Plaintiff Minor #2 on the cheek, all against Plaintiff Minor #2's will; by Defendant Sanchez smacking Plaintiff Minor #2's buttocks, forcing Plaintiff Minor #2's hand onto Defendant Sanchez's genitals and asking, "You feel my shit is big, right?"; and by Defendant Sanchez repeatedly pushing his genitals onto Plaintiff Minor #2's body or hands.

255. As a result of Defendant Sanchez's unlawful conduct, Plaintiff Minor #2 has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

256. Plaintiff Minor #2 is entitled to the maximum amount allowed under this statute/law.

## TWELFTH CAUSE OF ACTION
## FOR CIVIL BATTERY

**<u>FOR PLAINTIFF MINOR #2</u>**
(Against Defendant Sanchez)

257.    Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

258.    A claim of civil battery is defined as intentional and unjustified touching of another person, without that person's consent, with the intent to cause bodily contact that a reasonable person would find offensive.

259.    Defendant Sanchez intentionally touched Plaintiff Minor #2, without his consent, with the intent to cause bodily contact, by repeatedly groping Plaintiff Minor #2's buttocks and genitals anytime Plaintiff Minor #2 walked past him; by Defendant Sanchez grabbing Plaintiff Minor #2's buttocks, grabbing Plaintiff Minor #2's genitals, and kissing Plaintiff Minor #2 on the cheek, all against Plaintiff Minor #2's will; by Defendant Sanchez smacking Plaintiff Minor #2's buttocks, forcing Plaintiff Minor #2's hand onto Defendant Sanchez's genitals and asking, "You feel my shit is big, right?"; and by Defendant Sanchez repeatedly pushing his genitals onto Plaintiff Minor #2's body or hands.

260.    As a result of Defendant Sanchez's unlawful conduct, Plaintiff Minor #2 has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

261.    Plaintiff Minor #2 is entitled to the maximum amount allowed under this statute/law.

**THIRTEENTH CAUSE OF ACTION**
**<u>FOR SEX DISCRIMINATION UNDER TITLE VII</u>**
**<u>FOR PLAINTIFF MINOR #3</u>**

262.    Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred

seventy-seven.

263. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

264. As described herein, Defendants engaged in unlawful employment practices prohibited by Title VII, by discriminating against Plaintiff Minor #3 on the basis of his sex and gender (male) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff Minor #3 by way of severe and pervasive sexual harassment.

265. As described herein, Defendants discriminated against Plaintiff Minor #3 on the basis of his sex (male) by way of sexual harassment as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #3's body such as cat calling "Nice ass" and "Shake it for me"; by referring to Plaintiff as "Sexy"; by Defendant Sanchez asking Plaintiff Minor #3 "How big is [Plaintiff Minor #3's] penis?"; by Defendant Sanchez groping Plaintiff Minor #3's buttocks and genitals anytime he walked past Defendant Sanchez; by humiliating and groping Plaintiff Minor #3 by rubbing his chest and nipples in front of various other employees; by asking Plaintiff Minor #3 and the other Plaintiffs if they were, "Sexually active;" "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez penetrating

Plaintiff Minor #3's anus with his finger and then forcing Plaintiff Minor #3 to "smell it"; by Management being aware of Defendant Sanchez's sexual harassment against minors, but refusing to intervene, escalate to HR, or discipline Defendant Sanchez.

266. As a result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff Minor #3 has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

267. As a result of the unlawful discriminatory conduct of the Defendants in violation of Title VII, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #3 is entitled to an award of monetary damages and other relief.

268. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff Minor #3 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## FOR PLAINTIFF MINOR #3

269. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

270. 42 U.S.C. § 2000e-3(a) provides in relevant part that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment practice by
> this subchapter, or because he has made a charge, testified, assisted

or participated in any manner in an investigation, proceeding, or

hearing under this subchapter.

271. Plaintiff Minor #3 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assault.

272. However, as described herein, immediately after Plaintiff Minor #3 engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #3 by creating an even more hostile and adverse work environment; by treating Plaintiff Minor #3 with hostility and animosity; by speaking to Plaintiff Minor #3 in an angry and hostile tone; by "Punishing" Plaintiff Minor #3 with more work; by denying Plaintiff Minor #3 breaks; by forcing Plaintiff Minor #3 to complete the work of other employees; by micromanaging Plaintiff Minor #3; by Defendant Sand, Manager Mr. Martin, and Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; by Manager Mr. Martin, and Defendant Boultadakis maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by Defendant Sand and Defendant Boultadakis attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by Defendant Sand, Mr. Martin, and Defendant Boultadakis threatening to terminate the three underage Plaintiffs by claiming, "I'd hate to see you lose your job"; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1; and by creating a work environment so hostile and adverse all three underage Plaintiffs were forced to resign.

273. Defendants would not have retaliated against Plaintiff but for Plaintiff's objections to the

sexual harassment and hostile work environment.

274. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

275. As a result of Defendants' unlawful conduct in violation of Title VII, Plaintiff Minor #3 has suffered, and continues to suffer, economic loss, for which Plaintiff Minor #3 is entitled to an award of monetary damages and other relief.

276. As a result of the unlawful conduct of Defendants in violation of Title VII, Plaintiff Minor #3 has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress, and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #3 is entitled to an award of monetary damages and other relief.

277. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff Minor #3 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**FIFTEENTH CAUSE OF ACTION**
**FOR SEX DISCRIMINATION UNDER THE NYSHRL**
**FOR PLAINTIFF MINOR #3**

278. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

279. New York State Executive Law §296(1)(a) provides in relevant part that

It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (Emphasis added)

280.    Under New York State law, sexual harassment does not need to be "severe or pervasive" before it is unlawful. A single incident can be sufficient. Harassment is unlawful if it is anything more than what a "reasonable victim of discrimination would consider petty slights or trivial inconveniences."

281.    As described above, Defendants' actions and harassment went far beyond "petty slights or trivial inconveniences." As described herein, Defendants engaged in unlawful employment practices prohibited by NYSHRL, by discriminating against Plaintiff Minor #3 on the basis of his sex and gender (male) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff Minor #3 by way of sexual harassment.

282.    As described herein, Defendants discriminated against Plaintiff Minor #3 on the basis of his sex (male) by way of sexual harassment as evidenced by Defendants creating a hostile and adverse work environment; by Defendant Sanchez making offensive and degrading comments regarding Plaintiff Minor #3's body such as cat calling "Nice ass" and "Shake it for me"; by referring to Plaintiff as "Sexy"; by Defendant Sanchez asking Plaintiff Minor #3 "How big is [Plaintiff Minor #3's penis]?"; by Defendant Sanchez groping Plaintiff Minor #3's buttocks and genitals anytime he walked past Defendant Sanchez; by humiliating and groping Plaintiff Minor #3 by rubbing his chest and nipples in front of various other employees; by asking Plaintiff Minor #3 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; by Defendant Sanchez penetrating Plaintiff Minor #3's anus with his finger and then forcing Plaintiff Minor #3 to "smell it"; by Management being aware of Defendant Sanchez's sexual harassment against minors, but

refusing to intervene, escalate to HR, or discipline Defendant Sanchez.

283.    As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff Minor #3 has suffered and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

284.    As a result of the unlawful discriminatory conduct of the Defendants in violation of NYSHRL, Plaintiff Minor #3 has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #3 is entitled to an award of monetary damages and other relief.

285.    The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of NYSHRL, for which Plaintiff Minor #3 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

### SIXTEENTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYSHRL
### FOR PLAINTIFF MINOR #3

286.    Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

287.    Executive Law § 296 provides that:

> "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

288.    Plaintiff Minor #3 engaged in protected activities by objecting to Defendant Sanchez's sexual harassment and sexual assault.

289.    However, as described herein, immediately after Plaintiff Minor #3 engaged in protected activities, Defendant Sanchez retaliated against Plaintiff Minor #3 by creating an even more

hostile and adverse work environment; by treating Plaintiff Minor #3 with hostility and animosity; by speaking to Plaintiff Minor #3 in an angry and hostile tone; by "Punishing" Plaintiff Minor #3 with more work; by denying Plaintiff Minor #3 breaks; by forcing Plaintiff Minor #3 to complete the work of other employees; by micromanaging Plaintiff Minor #3; by Defendant Sand, Manager Mr. Martin, and Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; by Manager Mr. Martin, and Defendant Boultadakis maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by Defendant Sand and Defendant Boultadakis attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by Defendant Sand, Mr. Martin, and Defendant Boultadakis threatening to terminate the three underage Plaintiffs by claiming, "I'd hate to see you lose your job"; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1; and by creating a work environment so hostile and adverse all three underage Plaintiffs were forced to resign.

290. Defendants would not have retaliated against Plaintiff but for Plaintiff's objections to the sexual harassment and hostile work environment.

291. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

292. As a result of Defendants unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff Minor #3 is entitled to an award of monetary damages and other relief.

293.   As a result of the unlawful conduct of the Defendants in violation of NYSHRL, Plaintiff Minor #3 has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff Minor #3 is entitled to an award of monetary damages and other relief.

294.   The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of NYSHRL, for which Plaintiff Minor #3 is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**SEVENTEENTH CAUSE OF ACTION**
**FOR CIVIL ASSAULT**
**FOR PLAINTIFF MINOR #3**
(Against Defendant Sanchez)

295.   Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

296.   A claim of civil assault is defined as intentionally placing another in fear of imminent harmful or offensive contact.

297.   Defendant Sanchez intentionally placed Plaintiff Minor #3 in fear of imminent harmful or offensive contact by repeatedly making offensive and degrading comments regarding Plaintiff Minor #3's body such as catcalling "Nice ass" and "Shake it for me"; by referring to Plaintiff as "Sexy"; by Defendant Sanchez asking Plaintiff Minor #3 "How big is [Plaintiff Minor #3's penis]?"; by Defendant Sanchez groping Plaintiff Minor #3's buttocks and genitals anytime he walked past Defendant Sanchez; by humiliating Plaintiff and groping Plaintiff Minor #3 by rubbing his chest and nipples in front of various other employees; by asking Plaintiff Minor #3 and the other Plaintiffs if they were, "Sexually active"; "Are you guys still virgins?" and, "Have you guys ever tried butt sex?"; and by Defendant Sanchez penetrating Plaintiff Minor

#3's anus with his finger and then forcing Plaintiff Minor #3 to "smell it".

298. As a result of Defendant Sanchez's unlawful conduct, Plaintiff Minor #3 has suffered and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

299. Plaintiff Minor #3 is entitled to the maximum amount allowed under this statute/law.

**EIGHTEENTH CAUSE OF ACTION**
**FOR CIVIL BATTERY**
**FOR PLAINTIFF MINOR #3**
(Against Defendant Sanchez)

300. Plaintiff repeats and realleges each and every allegation in paragraphs one through one hundred seventy-seven.

301. A claim of civil battery is defined as intentional and unjustified touching of another person, without that person's consent, with the intent to cause bodily contact that a reasonable person would find offensive.

302. Defendant Sanchez intentionally touched Plaintiff Minor #3 without his consent, with the intent to cause bodily contact, by repeatedly groping Plaintiff Minor #3's buttocks and genitals anytime Plaintiff Minor #3 walked past Defendant Sanchez; by humiliating and groping Plaintiff Minor #3 by rubbing his chest and nipples in front of various other employees; and by Defendant Sanchez penetrating Plaintiff Minor #3's anus with his finger and then forcing Plaintiff Minor #3 to "smell it".

303. Any reasonable person would find the egregious foregoing events to be extremely offensive.

304. As a result of Defendant Sanchez's unlawful conduct, Plaintiff Minor #3 has suffered and continues to suffer, mental anguish and emotional distress, including, but not limited to,

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

305. Plaintiff Minor #3 is entitled to the maximum amount allowed under this statute/law.

**NINETEENTH CAUSE OF ACTION**
**AIDING AND ABETTING UNDER THE NYSHRL**
**(AGAINST DEFENDANT BOULTADAKIS)**

306. Plaintiffs repeat and reallege each and every allegation in paragraphs one through one hundred seventy-seven.

307. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

308. Defendant Boultadakis engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

309. As described above, Defendant Boultadakis aided, abetted, incited, compelled, and coerced discriminatory conduct against the three Minor Plaintiffs, as evidenced by Defendant Boultadakis observing, allowing, aiding, abetting, permitting, and condoning the severe, pervasive, and relentless sexual harassment of the three Minor Plaintiffs by Defendant Sanchez. Indeed, it was well known by Defendant Boultadakis, management, employees, and throughout the entire Defendant Sand's venue, that Defendant Sanchez was subjecting multiple employees to severe, pervasive, and grotesque sexual harassment. To wit, Defendant Boultadakis has two very large-screen televisions, mounted on the wall in front of his desk, displaying approximately forty-eight security cameras throughout the venue, many of which

Defendant Sand claims are HD cameras. As such, claims that Defendant Sand and Defendant Boultadakis did not know of this repeated, constant, and habitual sexual harassment and sexual assault are unreasonable and untruthful.

310. Additionally, Defendant Boultadakis aided, abetted, incited, compelled, and coerced discriminatory conduct against the three Minor Plaintiffs, as evidenced by Defendant Boultadakis harassing, intimidating, threatening, and bribing the three underage Plaintiffs in an attempt to stop the underage Plaintiffs from taking legal action against Defendants; maliciously lying and taking advantage of the underage Plaintiffs in order to scare the Plaintiffs into withdrawing their legal action by claiming they have "No case", that Defendant Boultadakis was a "Powerful man" and by claiming Defendant Boultadakis' daughter is a lawyer and works for a judge; by attempting to bribe the three underage Plaintiffs with $2000 to withdraw the case; by Defendant Boultadakis harassing and intimidating Plaintiff Minor #1's father, John Doe #1; and by creating a work environment so hostile and adverse all three underage Plaintiffs and John Doe #1 were forced to resign.

311. As a result of Defendant Boultadakis' unlawful conduct, the three underage Plaintiffs have suffered and continue to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

312. The three Minor Plaintiffs are entitled to the maximum amount allowed under this statute/law.

## **JURY DEMAND**

313. Plaintiffs requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and NYSHRL, in that Defendants discriminated against and retaliated against Plaintiffs on the basis of their sex (male) by way of sexual harassment and created and maintained a hostile work environment;

B. Declaring that Defendant Sanchez is civilly liable to Plaintiff Minor #1 for assault;

C. Declaring that Defendant Sanchez is civilly liable to Plaintiff Minor #1 for battery;

D. Declaring that Defendant Sanchez is civilly liable to Plaintiff Minor #2 for assault;

E. Declaring that Defendant Sanchez is civilly liable to Plaintiff Minor #2 for battery;

F. Declaring that Defendant Sanchez is civilly liable to Plaintiff Minor #3 for assault;

G. Declaring that Defendant Sanchez is civilly liable to Plaintiff Minor #3 for battery;

H. Declaring that Defendant Boultadakis aided and abetted in discriminatory conduct;

I. Declaring that Minor Plaintiffs have been damaged in an amount in excess of the jurisdiction of the Court;

J. Awarding damages to Minor Plaintiffs for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

K. Awarding Minor Plaintiffs compensatory damages for mental, emotional injury, distress, pain and suffering and injury to their reputation in an amount to be proven;

L. Awarding Minor Plaintiffs punitive damages;

M. Awarding Minor Plaintiffs attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

N. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
      March 30, 2024

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

by:    _____/s/_____

Jitesh Dudani, Esq.
45 Broadway, Suite 430
New York, NY 10006
T: (212) 248-7431
F: (212) 901-2107